Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
LYNN LAING

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| LYNN LAING, | ) |
| | ) |
| Plaintiff, | ) Case No.: '17 CV 0633 DMS WVG |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LYNN LAING, (hereinafter referred to as "Plaintiff") through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, WELLS FARGO BANK, N.A. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Defendant conducts business in Vista, San Diego, California.

6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff, is a resident of Vista, San Diego County, California.

8. Defendant is based in San Francisco, California.

**FACTUAL ALLEGATIONS**

9. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's residential telephone number ending in 6522 to speak with a woman named Ruth Phillips to solicit a home loan.

10. None of the calls Defendant made to Plaintiff were for an emergency purpose.

11. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's residential telephone from the following telephone numbers: 760-603-1979, 800-288-3212, 800-853-8516.

12. The following telephone numbers are Defendant's phone numbers: 760-603-1979, 800-288-3212, 800-853-8516.

13. On more than one occasion within the last four (4) years, Plaintiff repeatedly requested

Defendant stop calling Plaintiff's residential landline because she was not Ruth Phillips, and Ruth Phillips did not reside with her.

14. Despite Plaintiff's request that Defendant stop calling Plaintiff's residential telephone, Defendant continued to call Plaintiff's residential telephone.

15. On December 16, 2016, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's residential telephone.

16. Despite receiving the letter from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's residential telephone number.

17. Prior to calling Plaintiff's residential telephone, Defendant knew the number was a residential telephone number.

18. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's residential telephone.

19. Defendant never had permission to call Plaintiff's residential telephone.

20. Defendant continued to call Plaintiff's residential telephone after Defendant knew Plaintiff wanted the calls to stop.

21. Within 4 years of Plaintiff filing this Complaint, Defendant used an artificial or prerecorded voice to deliver a message to Plaintiff's residential telephone.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

22. Defendant made unsolicited phone calls to the residential telephone number using an artificial or prerecorded voice to deliver a message to Plaintiff's residential landline.

23. Defendant's conduct therefore violated the TCPA by:

   a.  Placing non-emergency telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of

the called party in violation of 47 U.S.C. § 227 (b)(1)(B).

WHEREFORE, Plaintiff, LYNN LAING, respectfully requests judgment be entered against Defendant, WELLS FARGO, N.A., for the following:

24. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

25. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

26. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges paragraphs 1-21 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant repeatedly called Plaintiff after Plaintiff informed Defendant she was not the intended recipient of the phone calls, and requested Defendant stop calling her; and

   b. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute as harassment to the debtor under the circumstances, when Defendant repeatedly called Plaintiff after Plaintiff informed Defendant she was not the

intended recipient of the phone calls, and requested Defendant stop calling her.

WHEREFORE, Plaintiff, LYNN LAING, respectfully requests judgment be entered against Defendant, WELLS FARGO BANK, N.A., for the following:

30. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(c), and

32. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

DATED:  March 29, 2017                 AGRUSS LAW FIRM, LLC


By: /s/  Michael S. Agruss
        Michael S. Agruss
        Attorney for Plaintiff
        LYNN LAING